UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ANGELA MILES-DANIELS,

                              **Plaintiff,**

                -against-

THE CITY OF NEW YORK, INVESTIGATOR
NYAH PAUL OF THE NYC DEPARTMENT
OF HUMAN RESOURCES, DETECTIVE
MARISA VALLE & DETECTIVE VICTOR
CABASA,

                              **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**AMENDED
COMPLAINT**

Civ. No. 14 cv 1573

<u>PLAINTIFF DEMANDS
A TRIAL BY JURY</u>

Plaintiff, by her attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges upon information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incident of false arrest, malicious prosecution, and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about May 16, 2013 and thereafter, when Defendants and detectives employed by THE CITY OF NEW YORK wrongfully detained, arrested and criminally prosecuted Plaintiff ANGELA MILES-DANIELS in New York County Criminal Court without probable cause and with malice and a reckless disregard for Plaintiff's rights.

## STATEMENT OF FACTS

2.      Plaintiff is the mother of four children, a licensed Guidance Counselor and employee of the New York City of Department of Education.

3.      In 2008-2009, Plaintiff took a leave of absence from her employment with the NYC Department of Education and from her second evening job with the Post Graduate Center for Mental Health due to medical complications related to her pregnancy.

4.      In order to support her three children as a single mother at that time and while she was on leave from her employment, Plaintiff applied for and eventually received public assistance in the form of food stamps from the City of New York, Division of Human Resources.

5.      Plaintiff complied with all requirements for and requests from the Division of Human Resources, timely reported all sources of income, reported her return to work, submitted all documentation and pay stubs when requested to do so and, at no time, falsified any documents or provided any false information relating to her application for and receipt of public benefits, namely food stamps.

6.      After her return to work, Plaintiff sent in documentation to the Division of Human Resources and provided her paystubs as requested, along with other information requested. At no time did Plaintiff conceal her return to work. On the contrary, Plaintiff provided documentation indicating her full salary with the City of New York and Post Graduate Center for Mental Health.

7.      In March 2010, approximately a month after Plaintiff last updated her information with the Division of Human Resources, Plaintiff no longer received food stamps. Plaintiff assumed that she no longer qualified for the food stamps and forgot about the matter, continuing to work at her two jobs with the Department of Education and the Post Graduate Center for Mental Health.

8.      Over four years later, on or about May 15, 2014, as Plaintiff was preparing to take her children to school in the morning and get ready for work, two Detectives employed by the

City of New York and/or the New York County District Attorney's Office showed up at Plaintiff's apartment. The Detectives told Plaintiff that she was going to be arrested for "welfare fraud."

9.      Plaintiff was shocked and confused and asked the Detectives what the matter was about, explaining that she did not receive welfare. The Detectives told Plaintiff that the crimes she allegedly committed related to her receipt of food stamps back in 2008-2009.

10.     Plaintiff told the Detectives that it must be a misunderstanding, that she needed to take her children to school and was upset at the proposition of having to go down to Central Booking with the Detectives.

11.     The Detectives gave Plaintiff the option of surrendering to them the following day, May 16, 2013, and Plaintiff agreed to meet them at the New York County District Attorney's Office in the morning.

12.     Thereafter, Plaintiff told her supervisor what was happening and quickly obtained her leave of absence documentation from her employers along with as much information she could obtain from the NYC Division of Human Resources. With such documentation and an attorney, Plaintiff surrendered to the Detectives. Prior to and during Plaintiff's surrender and arrest, Plaintiff's attorney also indicated to the Detectives that there must be a misunderstanding, that Plaintiff had documentation of her leave of absences. Plaintiff's attorney requested a meeting with Assistant District Attorney Dolle, who was handling the case.

13.     Plaintiff and her attorney were told that the ADA did not want to meet with them, that it was "too late for that" since they were running out of time on the statute of limitations to arrest Plaintiff.

14.     After she was arrested, Plaintiff was terminated from her employment with the Post Graduate Center for Mental Health, she lost her summer position with the Board of Education, was disqualified from receiving overtime pay, was reassigned to an administrative office at the Board of Education for her school year position, lost income, was disqualified from adopting her half brother who was then put into foster care, lost the opportunity to purchase a home, was emotionally devastated, was highly embarrassed and was otherwise economically and emotionally damaged.

15.     Upon her arraignment for the charges of larceny, welfare fraud and offering a false instrument, Plaintiff pleaded not guilty and was released upon her own recognizance.

16.     Thereafter, Plaintiff and her attorney brought the documentation they received regarding her leave of absences from the NYC Department of Education and Post Graduate Center for Mental Health to the criminal court judge.  Plaintiff returned to court and was told there was "no grand jury action" and that she would have to return to court.   Ultimately, all criminal charges filed against Plaintiff were dismissed.

## JURISDICTION AND VENUE

17.     This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 in that this action arises under 42 U.S.C. § 1983 *et. seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

18.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in this District. Additionally, all Defendants are subject to personal jurisdiction in this District.

19.     Prior to the commencement of this action, and within ninety days after the claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the names and post office addresses of Plaintiff and her attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

20.     Over thirty days have elapsed since the service of such Notice of Claim, and THE CITY OF NEW YORK has failed to settle or adjust this matter.

21.     This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

22.     At all relevant times, Plaintiff ANGELA MILES-DANIELS was and remains a resident of New York County, New York.

23.     At all relevant times, Defendants acted in their official capacities and were employees, agents, or servants of Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983 *et seq.*

24.     THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York.  At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

25.     Defendants INVESTIGATOR NYAH PAUL OF THE NYC DEPARTMENT OF HUMAN RESOURCES ("PAUL"), DETECTIVE MARISA VALLE ("VALLE") and DETECTIVE VICTOR CABASA ("CABASA") are employees acting within the scope of their employment as officers of the New York City Police Department and New York County District Attorney's Office.

26.     Defendants PAUL, VALLE, and CABASA are employees acting within the scope of their employment as officers of the New York City Police Department and/or the New York County District Attorney's Office.

## AS AND FOR A FIRST CLAIM OF FALSE ARREST PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS PAUL, VALLE, AND CABASA

27. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28. On or about May 16, 2013, Defendants PAUL, VALLE, and CABASA acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested Plaintiff.

29. Without probable cause or justification, Defendants PAUL, VALLE, and CABASA caused Plaintiff to be arrested.

30. As a result of the foregoing, Defendants PAUL, VALLE, and CABASA, acting under color of state law, violated 42 U.S.C. § 1983 et seq., deprived Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments, their right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

31. As a result of the foregoing, Plaintiff suffered loss of liberty and life, substantial economic, emotional and psychological damages and was otherwise injured.

32. As a result of the foregoing, Plaintiff demands monetary damages against Defendants THE CITY OF NEW YORK, PAUL, VALLE, and CABASA and further seeks punitive damages against Defendants PAUL, VALLE, and CABASA in an amount to be determined by a jury.

## AS AND FOR A SECOND CLAIM OF MALICIOUS PROSECUTION
## PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS
## PAUL, VALLE, AND CABASA

33. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as·if more fully set forth herein.

34. Defendants PAUL, VALLE, and CABASA, acting intentionally, maliciously, with sloppy and reckless disregard for Plaintiff's rights, and without justification or probable cause, caused criminal charges to be filed against Plaintiff.

35. Such charges were ultimately dismissed by the New York County Criminal Court.

36. Defendants were aware of and should have been aware that such criminal charges were false charges, that Plaintiff had not committed any crime, and nonetheless decided to and did file such criminal charges against Plaintiff with malice and with a deliberate and reckless disregard to Plaintiff's rights, and in order to file such poorly investigated charges against Plaintiff before the statute of limitations ran. Defendants were beyond negligent in their failure to properly investigate the circumstances relating to Plaintiff's leave of absence, Defendants were extremely reckless, refused to examine all pertinent

records and information, rushed to arrest Plaintiff given impending time limitations, and were otherwise deliberately indifferent to Plaintiff's constitutional rights.

37. Defendants did not examine all relevant paperwork prior to arresting Plaintiff, disregarded the obvious, and with deliberate indifference to Plaintiff's rights, caused bogus criminal charges to be filed against Plaintiff.

38. As a result of the foregoing, Defendants PAUL, VALLE, and CABASA, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.,* and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York, including those rights protected by the Fourth and Fourteenth Amendments, her right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

39. As a result of the foregoing, Plaintiff suffered loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

40. As a result of the foregoing, Plaintiff demands monetary damages against Defendants THE CITY OF NEW YORK, PAUL, VALLE, and CABASA and further seeks punitive damages against Defendants THE CITY OF NEW YORK, PAUL, VALLE, and CABASA in an amount to be determined by jury.

### AS AND FOR A THIRD CLAIM FOR FALSE ARREST
### AGAINST ALL DEFENDANTS

41. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

42. As more fully described above, on or about May 16, 2013, Defendants THE CITY OF NEW YORK, PAUL, VALLE, and CABASA, acting without probable cause,

intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested Plaintiff, and detained her in jail cells for several hours.

43. As a result of the foregoing, Plaintiff suffered loss of liberty and life, substantial physical, emotional, mental and psychological pain, economic damages, and was otherwise injured.

44. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants, including THE CITY OF NEW YORK in an amount to be determined by jury.

## AS AND FOR AN FIFTH CLAIM FOR MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

45. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46. On or about May 16, 2013, Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against Plaintiff ANGELA MILES-DANIELS, who was criminally prosecuted therefore until such prosecution was terminated in her favor.

47. Defendants filed such charge with deliberate indifference to Plaintiff's rights, either knowing that such charges were false or with deliberate indifference to the truth or falsity of such criminal charges.

48. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, economic damages and was otherwise injured.

49. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and is further seeking punitive damages against Defendants PAUL, VALLE, and CABASA in an amount to be determined by a jury.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a. Compensatory damages on all claims;

    b. Punitive damages against Defendants PAUL, VALLE, and CABASA;

    c. Convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       May 27, 2014

Giordano Law Offices PLLC

By: _____
      Carmen S. Giordano, Esq.
      *Attorney for Plaintiff*
      226 Lenox Avenue
      New York, NY 10027
      (212) 406-9466